UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| RICKY GHOLSTON, | ) |
| Petitioner, | ) Civil No. 6:21-054-HRW |
| v. | ) |
| WARDEN GOMEZ, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Ricky Gholston is a federal inmate currently confined at the United States Penitentiary ("USP")-McCreary, located in Pine Knot, Kentucky. Proceeding without an attorney, Gholston filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence by the Bureau of Prisons ("BOP"). However, Gholston has not paid the $5.00 filing fee required by 28 U.S.C. § 1914, nor did he move for leave to proceed *in forma pauperis* or submit a copy of a BP-199 Form showing that payment of the filing fee has been requested. As a result, Gholston failed to properly initiate an action in this Court, warranting denial of his petition without prejudice.

Even so, a review of Gholston's § 2241 petition shows that it is subject to dismissal for another reason, as it is evident from the face of the petition that

1

Gholston has not yet fully exhausted his administrative remedies with respect to his claim.[1] Gholston's petition claims that his sentenced is not currently calculated correctly because his federal sentence should be running concurrently, not consecutively, with his Tennessee state sentence. [D.E. No. 1] However, it has long been the rule that, before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). *See also Leslie v. United States*, 89 Fed. Appx. 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot

---

[1] The Court is required to conduct an initial screening of § 2241 habeas petitions by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

In his § 2241 petition, Gholston states that he filed a grievance with respect to his claim on March 21, 2019, which he indicates was assigned Remedy ID No. 902371-F1 and denied on March 28, 2019. [D.E. No. 1 at p. 2] However, the documentation that he attaches to his petition indicates that Remedy ID No. 902371-F1 was received by the Warden at FCI-Gilmer on May 18, 2017, and denied on June 13, 2017. [D.E. No. 1-3 at p. 2] On March 21, 2019, Gholston apparently filed a new informal request at FCI-Victorville, which was denied on March 28, 2019. [D.E. No. 1-2; D.E. No. 1-3 at p. 1] However, Gholston does not appear to have appealed the denial of either remedy request any further. Because he filed his § 2241 petition in this Court prior to fully exhausting his available administrative remedies with respect to his claims, he filed his petition too early.

3

While this case will be closed, after the administrative remedy process is complete, Gholston may file a new petition in an entirely new case regarding this matter should he choose to do so.[2] However, if Gholston still wishes to file a § 2241 petition at that time, he is advised that, to properly initiate a case in this Court, he must complete two steps at the same time: (1) file his habeas petition on a form approved for use by this Court; and (2) either pay the $5.00 filing fee, move for leave to proceed *in forma pauperis*, or submit a copy of a BP-199 Form that he filed with prison officials requesting that the prison withdraw funds from his inmate account to pay the filing fee.

For all of the foregoing reasons, it is hereby **ORDERED** as follows:

1. Gholston's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DENIED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 15 day of April, 2021.



Signed By:
<u>Henry R Wilhoit Jr.</u>
**United States District Judge**

---

[2] Because the time limits within which Gholston was required to appeal the responses to his prior administrative remedy requests have long since expired, and so that the record is clear with respect to the exhaustion of his administrative remedies, it may be advisable for Gholston to re-start the administrative remedy process by filing a new informal remedy request at USP-McCreary.